IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EZEKIEL I. TAYLOR, SR., §<br>#150465, §<br>    Plaintiff, §<br>§<br>v. §<br>§<br>IRVING AUTO POUND, et al., §<br>    Defendants. § | No. 3:23-cv-00412-G (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Ezekiel I. Taylor, Sr., has filed a "Motion For Reconsideration," which the Court construes as a motion under Rule 60(b). (ECF No. 20.) For the reasons stated, the Court should GRANT Taylor's Rule 60(b) motion and reopen this case.

I.

Taylor initiated this civil rights action while he was incarcerated at the Dallas County Jail by filing a complaint under 42 U.S.C. § 1983. That same day, the Court issued a Consent Form (ECF No. 1) and Notice and Instructions to a *Pro Se* Party (ECF No. 2), which advised Taylor: "You must notify the Court if your address changes, or your case may be dismissed." (ECF No. 2 at 1.). The Court also issued a Notice of Deficiency and Order (NOD), directing Taylor to pay the filing fee or file a motion for leave to proceed *in forma pauperis* and to file his pleadings on the court-approved form. (ECF No. 4.) The Order further informed Taylor that

1

failure to respond and cure the deficiencies by March 24, 2023, could result in a recommendation that his case be dismissed.

On March 21, the Court received Taylor's motion seeking additional time to comply with the NOD. (ECF No. 6.) Three days later, the Court received Taylor's amended complaint (ECF No. 7) and a motion for leave to proceed *in forma pauperis* (ECF No. 8). The amended complaint was on the court-approved form, but the motion for leave to proceed *in forma pauperis* failed to include a six-month certificate of trust account. On March 27, the Court issued a second NOD, directing Taylor to file a proper request to proceed *in forma pauperis*. The next day, the Court received Taylor's six-month certificate of trust account (ECF No. 11) and denied his motion seeking additional time to comply with the first NOD as moot (ECF No. 10).

On March 28, the Court received the Consent Form and Notice and Instructions marked "RETURN TO SENDER, UNABLE TO FORWARD". (ECF No. 12.) And other mail from the Court, including the second NOD, was also returned as undeliverable.[1] (ECF No. 14.) Taylor failed to provide the Court with a valid address. Accordingly, the magistrate judge issued

---

[1] On April 6, 2023, the Court received the second NOD marked "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD, and NOT IN DALLAS COUNTY JAIL." (ECF No. 14.) Then, on April 12, the Court received the FCR marked "RETURN TO SENDER, NOT IN DALLAS COUNTY JAIL." (ECF No. 15.) and on April 17, 2023, the Court received the Order denying Taylor's motion seeking additional time to comply with the first NOD marked "RETURN TO SENDER, ATTEMPTED-NOT KNOWN, UNABLE TO FORWARD, and NOT IN DALLAS COUNTY JA[IL]". (ECF No. 16.)

findings and conclusions, recommending that the District Court dismiss Taylor's case without prejudice under Federal Rule of Civil Procedure 41(b) for failing to provide the Court with a valid address. FCR (ECF No. 13). Taylor did not file objections to the FCR, and on April 24, 2023, the District Court accepted the magistrate judge's recommendation to dismiss Taylor's case without prejudice under Rule 41(b) and entered judgment. Ord. (ECF No. 17); J. (ECF No. 18).

Then, on September 14, 2023, Taylor filed his post-judgment "Motion For Reconsideration," which was mailed from a state prison in Indiana. (ECF No. 20.) In his motion, Taylor argues that he seeks "reconsideration" of the Court's decision to dismiss his complaint under Rule 41(b). Taylor contends that he has been "unable to litigate/unable [to] update [his] address due to a number of factors including homelessness/lack of a stable address." *Id.* at 1. Taylor concludes that the Court should "reopen this case." *Id.*

On October 31, 2023, the Court received Taylor's "Motion For Leave To Amend." (ECF No. 21.) Taylor seeks "leave to amend his complaint by adding more details and additional claims." *Id.*

II.

A court evaluates a motion seeking reconsideration of a prior ruling under either Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The Court determines which rule

3

to apply based on when the motion is filed. *Id.* If the party files his motion within 28 days after the entry of judgment, the Court evaluates the motion under Rule 59, but if the party filed it beyond that time period, the Court analyzes the motion under Rule 60. *Id.* Taylor filed his motion on September 14, 2023, which is more than 28 days after the entry of judgment. The Court therefore evaluates his motion under Rule 60(b).

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)    the judgment is void;

    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2

(N.D. Tex. Dec. 21, 2018), *adopted by* 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

### III.

Taylor contends there was a mistake which resulted in the dismissal of his case, and it should now be reopened. *See* Fed. R. Civ. P. 60(b)(1). Specifically, Taylor contends that he has not been in a position to litigate his case by updating his address due to homeless and the lack of a "stable address." (ECF No. 20 at 1.)

A lack of notice may serve as a basis for granting relief under Rule 60(b)(1). *See* Quilling v. Schonsky, 247 F. App'x 583, 587 (5th Cir. 2007). And the Fifth Circuit Court of Appeals has regularly found "excusable neglect" under Rule 60(b)(1) when, through inadvertence, a party or its attorney has failed to respond to a dispositive motion. *McKenzie v. Principi*, 2003 WL 22964867, at *2 (5th Cir. 2003) (per curiam) (citing *Halicki v. La. Casino Cruises*, 151 F.3d 465, 470 (5th Cir. 1998); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 399 (5th Cir. Unit A Jan. 1981); *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (per curiam)); *see also Hawkins v. Wells Fargo Home Mortg.*, 2012 WL 5471134, at *1 (N.D. Tex. Nov. 9, 2012) (granting Rule 60(b) motion where the notice of impending dismissal was mailed to the correct address, but the movant had been evicted); *Reichardt v. BAC Home Loans Servicing, LP*, 2012 WL 2935894, at *1 (E.D. Tex. June 12, 2012) (granting Rule 60(b) motion where the movant failed to receive

5

the court's notices), *rec. accepted*, 2012 WL 2935550 (E.D. Tex. Jul. 18, 2012).

On March 30, 2023, the magistrate judge issued findings and conclusions, recommending that Taylor's case be dismissed without prejudice under Rule 41(b) for failing to provide the Court with a valid address. Taylor did not file objections, and the Court ultimately adopted the magistrate judge's recommendation and dismissed Taylor's case under Rule 41(b). But the magistrate judge's findings and conclusions were returned as undeliverable on April 12, 2023. (ECF No. 15.) It thus appears that Taylor never received notice of the magistrate judge's findings and conclusions, and he did not have an opportunity to file objections prior to dismissal of this case.

Accordingly, the dismissal of Taylor's case under Rule 41(b) was the result of a "mistake," and he is entitled to relief under Rule 60(b)(1).

IV.

Taylor moves for leave to amend to add details and additional claims to his complaint. (ECF No. 21.) When there is no scheduling order in place to govern the deadline for amending pleadings, leave to amend is determined according to the standard set forth in Federal Rule of Civil Procedure 15. *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 753 (N.D. Tex. 2015). Rule 15(a)(2) requires a trial court to grant a party leave to amend a complaint freely, and the language of the rule "evinces a bias in

6

favor of granting leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted). Leave to amend is not automatic, but the court must have a "substantial reason" to deny a party's request to do so. *Id.* Here, in line with Rule 15's preference for liberal amendment, the Court GRANTS Taylor's motion for leave to amend (ECF No. 21), and directs the Clerk of Court to mail Taylor a prisoner civil rights complaint form. Taylor must file his amended complaint on the court-approved form by January 31, 2024.

## RECOMMENDATION

The District Court should GRANT Taylor's Rule 60(b) motion (ECF No. 20) and reopen this case.

The Court GRANTS Taylor's motion for leave to amend (ECF No. 21), and **directs** the Clerk of Court to mail Taylor a prisoner civil rights complaint. Taylor must file his amended complaint on the court-approved form by **January 31, 2024**.

**SO RECOMMENDED**.

January 2, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

7

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).