IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EZEKIEL I. TAYLOR, SR. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:23-cv-00412-G (BT) |
| § | |
| IRVING AUTO POUND, et al. § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ezekiel I. Taylor, Sr.— an Indiana prisoner proceeding *pro se* and *in forma pauperis* (IFP)—sues the Irving Police Department (the "Irving PD") and the Irving Police Department Auto Pound (the "Auto Pound") for alleged violations of his civil rights under 42 U.S.C. § 1983. For the reasons below, Taylor's case should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

## Background

In an original and two amended complaints, Taylor alleges as follows:

In December 2022, Irving PD officers harassed and arrested Taylor at a Walmart and charged him with trespassing. ECF No. 3 at 1. The officers seized $9,500 worth of gift cards from Taylor's wallet and never returned them. ECF No. 3 at 2.

That same month, after Taylor had "vehicle troubles,"¹ Irving PD officers seized and searched Taylor's vehicle and its contents without a warrant, without a "post deprivation hearing," and without "providing an inventory." ECF No. 3 at 1; ECF No. 7 at 5; ECF No. 24 at 3. When Taylor tried to retrieve his vehicle from the Auto Pound the next day, an Auto Pound employee informed him that it was under a "police hold," "confiscated" Taylor's vehicle title, and denied him access to the vehicle's contents, except for his identification. ECF No. 7 at 5.

Based on these allegations, Taylor sues Irving PD and the Auto Pound and seeks the return of his property, compensatory damages, and punitive damages. ECF No. 3 at 2; ECF No. 7 at 3-4; ECF No. 24 at 3-4.

## Legal Standards and Analysis

As a prisoner proceeding IFP, Taylor's claims are subject to preliminary screening under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e). Section 1915A provides:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

---

[1] It is unclear whether Taylor's vehicle problems and the later seizure of his vehicle relate to his trespassing arrest.

And under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court analyzes Taylor's claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

1. <u>Irving PD and the Auto Pound are nonjural entities, so Taylor's claims against them should be dismissed</u>.

Taylor names two defendants: Irving PD and its Auto Pound. But a plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)("[U]nless the true political entity has taken explicit steps to grant the servient agency jural

3

authority, the agency cannot engage in any litigation except in concert with the government itself."). The Irving PD and its Auto Pound are servient departments that do not enjoy a separate and distinct legal existence, so they are not amenable to suit under § 1983, and the Court should dismiss Taylor's claims against them. *See, e.g.*, *Duke v. Dallas County*, 2021 WL 3204565, at *2 (N.D. Tex. July 29, 2021) (Fish, J.) ("However, the Irving Police Department is a nonjural entity, and a plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.") (citing *Darby*, 939 F.2d at 313-14).

2. Even if Taylor had named a defendant amenable to suit, his allegations fail to state a claim under the Fourth or Fourteenth Amendment.

Liberally construed, Taylor alleges that Irving PD officers or Auto Pound employees violated his Fourth Amendment rights by arresting him without probable cause, seizing items on his person after the arrest, seizing his vehicle and its contents, and searching his vehicle and its contents after that seizure. Taylor also alleges that Irving PD officers or Auto Pound employees confiscated his personal property in violation of the Fourteenth Amendment's Due Process Clause. But Taylor fails to plausibly allege any constitutional violations.[2]

---

[2] Taylor further alleges that the Irving PD maintained a widespread practice of holding detainees without a "probable cause affidavit" and denying detainees the right to a speedy trial. ECF No. 3 at 2. But he does not allege that he was held without a "probable cause affidavit" or that he was denied a speedy trial. He therefore lacks standing to bring claims about this alleged Irving PD practice, to the extent that he seeks to bring such claims.

A.      Search and Seizure of Vehicle and Contents

Taylor complains that his vehicle and its contents were seized and searched without a warrant—after he had car trouble. He gives no other details about the incident. Significantly, he fails to provide sufficient facts for the Court to determine whether any exception to the warrant requirement applies.

"Warrantless searches and seizures are 'per se unreasonable unless they fall within a few narrowly defined exceptions.'" *United States v. Kelly*, 302 F.3d 291, 293 (5th Cir. 2002). One such exception is the "community caretaking" exception. *See United States v. Castro*, 166 F.3d 728, 734 (5th Cir. 1994) (en banc). Impoundments by the police may be in furtherance of "public safety" or "community caretaking functions," such as removing "disabled or damaged vehicles," and "automobiles which violate parking ordinances, and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic." *See South Dakota v. Opperman*, 428 U.S. 364, 368 (1976) (internal citation omitted).

The Fifth Circuit has focused its inquiry on the reasonableness of the vehicle impoundment for a community caretaking purpose without reference to any standardized criteria. *See United States v. McKinnon*, 681 F.3d 203, 208 (5th Cir. 2012) (collecting cases). "In considering whether this exception applies, [this Court's] analysis hinges upon the reasonableness of the 'community caretaker' impound viewed in the context of the facts and circumstances encountered by the officer." *Id.* (citing *Cooper v. California*, 386 U.S. 58, 59 (1987)) (noting that

5

whether a search or seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case). It is reasonable to impound a vehicle to ensure that "the vehicle was not left on a public street where it could have become a nuisance, and where it could have been stolen, or damaged." *Id.* at 209.

Here, Taylor has not provided enough factual detail to plausibly state an unreasonable seizure claim based on the impoundment of his vehicle. The only detail he provides is that he had car trouble before officers seized the vehicle without a warrant. He does not allege where this happened, how long his vehicle was incapacitated, or any other details from which the Court could meaningfully evaluate whether the community caretaking exception might apply.

Further, if Taylor claims that the officers' failure to return the seized property to him violates the Fourth Amendment (even though the seizure was initially reasonable), while the Fifth Circuit has not addressed the issue, other circuit courts, and district courts in the Fifth Circuit, have held that the delay in return of seized property does not violate the Fourth Amendment. *See Reliford v. Craig,* 2017 WL 6372634, at *6 (S.D. Tex. Nov. 22, 2017), *rec. accepted* 2017 WL 6375804 (S.D. Tex. Dec. 12, 2017) (citing *Shaul v. Cherry Valley-Springfield Cent. School Dist.*, 363 F.3d 177, 187 (2d Cir. 2004) (To the extent Constitution affords plaintiff any right with respect to a government agency's retention of lawfully seized property, it would be under procedural due process rather than the Fourth Amendment); *Lee v. City of Chicago,* 330 F.3d 456, 466 (7th Cir. 2003) (Fourth

Amendment cannot be invoked by a dispossessed property owner to regain his property, but he may have a substantive due process claim); *Fox v. Van Oosterum*, 176 F.3d 342, 351 (6th Cir. 1999) (an initial, lawful seizure of property followed by a refusal to return the property does not raise Fourth Amendment issues)). Thus, Taylor fails to state an unreasonable seizure claim based on the failure to return lawfully seized items.

Taylor also complains that officers searched the vehicle and its contents after seizing it. He gives no details about the search, such as whether it was an inventory search. Inventory searches are an exception to the warrant requirement of the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987). "[A]n inventory search of a seized vehicle is reasonable . . . if it is conducted pursuant to standardized regulations and procedures that are consistent with (1) protecting the property of the vehicle's owner, (2) protecting the police against claims or disputes over lost or stolen property, and (3) protecting the police from danger." *United States v. Lage*, 183 F.3d 374, 380 (5th Cir. 1999) (citing *United States v. Hope*, 102 F.3d 114, 116 (5th Cir. 1996)). These standardized regulations and procedures must "sufficiently limit the discretion of law enforcement officers to prevent inventory searches from becoming evidentiary searches." *United States v. Andrews*, 22 F.3d 1328, 1336 (5th Cir. 1994) (citation omitted).

Taylor does not allege whether the search of his vehicle was under standardized regulations and procedures, and, if it was, that such regulations and procedures were inadequate to safeguard his interests under the Fourth

7

Amendment. He alleges no details about the search at all other than that there was no warrant for it. His conclusory allegations fail to state a plausible claim that the search of his vehicle and its contents violated the Fourth Amendment.

B.  False Arrest

Taylor complains that he was harassed and arrested at a Walmart on trespass charges.

"[T]o state a § 1983 claim for false arrest/false imprisonment, [Taylor] must plausibly allege that [the officer] 'did not have probable cause to arrest him.'" *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004)). "A warrantless arrest must be based on 'probable cause.' Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000). "Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense stated at the time of arrest or booking." *District of Columbia v. Wesby*, 538 U.S. 48, 54 n. 2 (2018).

Taylor provides no details about his arrest, such as what events prompted it or what statute he was accused of violating. Because he fails to allege facts from which the Court could plausibly infer that officers lacked probable cause to arrest him, his false arrest claim is meritless and should be dismissed. *See, e.g.*, *Bates v. Wellman*, 2024 WL 330498, at *3 (N.D. Tex. Jan. 2, 2024) (recommending

8

dismissal of false arrest claim when the plaintiff "did not state the offense for which he was arrested, much less show that officers lacked probable cause to arrest him for it") (Rutherford, J.), *rec. accepted* 2024 WL 330833 (N.D. Tex. Jan. 29, 2024).

    C.    Seizure of Property from Person

Taylor alleges that, after he was arrested, officers seized $9,500 worth of gift cards from his pocket, and he never got them back.

"A seizure of property within the meaning of the Fourth Amendment occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Brooks v. Cuero Police Dep't*, 2023 WL 9102240, at *1 (S.D. Tex. Nov. 9, 2023), *rec. accepted* 2024 WL 55496 (S.D. Tex. Jan. 3, 2024) (quoting *Soldal v. Cook County*, 506 U.S. 56, 61 (1992)). Whether interference with one's possessory interests in their property becomes a meaningful interference turns on the length of the deprivation before police obtain a search warrant. *United States v. Alvarez*, 997 F.2d 882, 1993 WL 261146, at *3 (5th Cir. 1993).

Here, while Taylor has adequately alleged a seizure of the gift cards, he has not plausibly alleged that seizure was unreasonable. Instead, it has long been the rule, "[t]hat the [F]ourth [A]mendment is not violated when the police take custody of the property of persons they arrest to store that property for safekeeping." *United States v. Gravitt*, 484 F.2d 375, 378 (5th Cir. 1973); *see also United States v. Edwards*, 415 U.S. 800, 803-04 (1974) ("Nor is there any doubt that clothing or other belongings may be seized upon arrival of the accused at the place of detention."). And police may retain the items they lawfully seize during a

9

search incident to arrest or inventory search for as long as is reasonably necessary to complete criminal proceedings or until the arrestee is released from custody. *See Illinois v. Lafayette*, 462 U.S. 640, 645-46 (1983).

Taylor's sparse allegations are too conclusory to plausibly allege an unreasonable seizure related to the gift cards. Further, if Taylor claims that the officers' failure to return the seized property to him violates the Fourth Amendment (even though the seizure was initially reasonable), as explained above, such claims are not cognizable.

D.  Confiscation of Property Under the Fourteenth Amendment

Nor does Taylor allege a plausible due process claim stemming from the alleged confiscation of his property, including the title to his vehicle.

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. AMEND. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either use the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35.

Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam*

10

*v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.—San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).

Because Texas law provides an adequate post-deprivation remedy, Taylor's loss of his personal property does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536 (noting that, even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy). Taylor has not shown either that he tried to use state court remedies for damages he suffered because of the confiscation of his property, or that such remedies were inadequate or ineffective. Without such allegations, Taylor fails to the state a due process claim for the confiscation of his property.

## Leave to Amend

Generally, the court should offer a *pro se* litigant an opportunity to amend her complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not required if the plaintiff has already pleaded her "best case." *Id.* "A plaintiff has pleaded her best case after [he] is 'apprised of the insufficiency' of [his] complaint." *Wiggins v. Louisiana State Univ.—Health Care Services Division*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citing *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008)) (further citation omitted). And while a court should freely grant leave to amend when justice so requires, "a

11

movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) (citations omitted).

Here, Taylor has already filed three complaints. And to the extent that he has not already pleaded his best case, the opportunity to file objections to this recommendation (explained in further detail below) gives Taylor—now having been advised of the deficiencies in his complaint—yet another chance to plead his best case by stating what material facts he would include in an amended complaint to overcome those deficiencies and make his claims plausible. *See Wiggins*, 710 F. App'x at 627 ("A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court.").

## Recommendation

The Court should dismiss Taylor's case with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

SO RECOMMENDED.

June 6, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

13